## Darhun v. Power, Jr., et al.

*Michael H. Egnal,* for plaintiff.
*Matthew W. Bullock, Jr.,* for defendants.

FLOOD, J., May 19, 1954.—This case must go back to the zoning board for only one reason. The zoning board based its decision primarily, if not solely, upon the fact that the area of the rear yard and of the open court were too small, but at the hearing the applicant's counsel was told that the rear-yard area would not be the determining factor and thus was dissuaded from establishing the cost of taking off the rear of the property to give the additional rear-yard area. It may be that the board feels that this would make no difference in its decision but it has not said so. Thus the board has neither given the applicant the opportunity to present evidence on the subject nor has it definitely held that it would be irrelevant. We feel that this matter should be passed upon specifically by the board. We are sending it back for this purpose only. Since the matter involves the question of hardship only, it is a matter proper for the determination of the board rather than this court.

And now, May 19, 1954, the decision of the zoning board of adjustment is vacated and the matter is returned to the board for further proceedings in accordance with this opinion.